STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. DAVID KRAUS, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted February 9, 1988—Decided May 27, 1988.

Before Judges SHEBELL and ARNOLD M. STEIN.

*David Kraus,* appellant, pro se.

No brief was submitted on behalf of the respondent.

The opinion of the court was delivered by

ARNOLD M. STEIN, J.S.C. (temporarily assigned).

Defendant appeals from two convictions for parking violations. We reverse both convictions.

Defendant is a resident of the Borough of Allendale. He is a commuter by railroad. On October 2, 1985, he submitted an application to the Borough police department for a parking permit for his 1983 Pontiac sedan. In his application, defendant certified his residence in the Borough, paid the $1 application fee and received sticker number 455, which he placed on his automobile.

On or about January 14, 1986, defendant went to the Borough police station and requested a temporary parking sticker to place on a substitute vehicle while his vehicle was being repaired. He was advised that the Borough did not issue temporary stickers. Defendant then removed the sticker from his Pontiac, and placed it in the rear window of the substitute

vehicle, a 1980 Ford borrowed from his father-in-law, a New Milford resident.

On January 16 and 17, defendant parked his father-in-law's vehicle, with the sticker placed in the rear window, in the Borough parking lot. He left a note on the windshield calling attention to the "temporary" sticker in the rear window. His father-in-law received identical summonses for January 16 and 17. Both summonses charged the vehicle owner with "sticker parking" in violation of Allendale Ordinance No. 411. At defendant's request, he was substituted for his father-in-law as a defendant on both parking summonses.

Subsection C of Allendale Ordinance No. 411 governs parking in the railroad station lot. It provides in pertinent part:

C. Application for Parking in Areas

A. Parking in Area A is limited and restricted to vehicles *owned and operated by bona fide residents of the Borough of Allendale*. Parking Area A–1 is further limited and restricted to commuters and patrons of the Railroad. The residents shall make requests for each vehicle to be so parked at Police Headquarters in the Borough upon application made in writing on forms supplied by the Police Department and thereupon a form of identification shall be supplied to the applicant by the Police Department. *The form of identification shall be affixed to the motor vehicle owned by the applicant to the rear window right side*. The effective period of the form of identification shall be from April 1st to April 1st of the following year. The Police Department is authorized to issue or reissue *within the effective period* a duplicate form of identification to the applicant upon reasonable proof submitted by the applicant that the same *has been lost or destroyed* through no intentional act of the applicant. [Emphasis added.]

The municipal court judge found defendant guilty of violating Ordinance No. 411, holding that the sticker could only be used on the automobile for which it was issued. The judge imposed a $15 fine and $15 court costs for each violation. Defendant then appealed his conviction to the Superior Court, pursuant to *R.* 3:23–2. After a trial de novo on the record below (*R.* 3:23–8(a)), he was again found guilty. The fines were reduced to $5 and $5 court costs for each violation.

■ We reverse because Ordinance No. 411C is invalid insofar as it permits parking in the Borough's railroad station lot

only of vehicles which are owned as well as operated by community residents.

It is beyond dispute that under the police power, a municipality has the right to regulate parking lots by ordinance. See *N.J.S.A.* 40:48–2. *Garden State Racing Ass'n v. Cherry Hill Tp.*, 42 *N.J.* 454, 461 (1964). However, the ordinance must have some rational relationship either to the fulfillment of the enacted legislative purpose or to some substantive consideration of policy or convenience bearing upon the public welfare. *Guill v. Mayor and Council of City of Hoboken*, 21 *N.J.* 574, 583 (1956). The purpose of this ordinance provision is to provide for parking restrictions to resident commuters using the railroad station located in that community. That purpose is not advanced by a requirement that the resident commuter own the vehicle which he or she parks at the railroad station lot. It is unduly restrictive in its prohibition against use of the lot by resident commuters who lease vehicles or use vehicles owned by others.

The facts in this case underscore the arbitrariness of this ownership requirement. Defendant, a resident, who required his automobile for transportation to the railroad station, was foreclosed from parking another vehicle at the station while his own automobile was under repair. We can conceive of circumstances where this ownership requirement effectively deprives resident commuters of their only means of transportation to and from the railroad station. Defendant would be required to obtain another vehicle and register it in his own name in order to use this parking lot. The ownership requirement of section 411C frustrates rather than fulfills the overall ordinance purpose of providing parking for resident commuters. An unworkable municipal ordinance may be invalidated on the grounds that it is arbitrary and unreasonable. *Brunetti v. Borough of New Milford*, 68 *N.J.* 576, 599 (1975).

To the extent that subsection C of Ordinance No. 411 of the Borough of Allendale requires ownership of automobiles by resident parking permit holders, it is invalid.

The judgments of conviction are reversed and defendant is adjudicated not guilty of the violations alleged in summons Nos. 1699 and 2055.